IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALFONSO BODDIE,<br><br>                      *Petitioner*,<br><br>    v.<br><br>D. OBERLANDER, et al.,<br><br>                      *Respondents*. | CIVIL ACTION<br>NO. 20-2920 |

**PAPPERT, J.**                                                                                                               August 15, 2023

## **MEMORANDUM**

       Alfonso Boddie filed, *pro se*, a petition for federal habeas relief on June 1, 2020. (ECF 1.) The Commonwealth filed its response to the petition (ECF 8) and Boddie filed "objections" to the response (ECF 11). Judge Strawbridge issued his Report and Recommendation on July 26, 2022, recommending the Court deny and dismiss Boddie's petition. (ECF 18.) Boddie never objected to the R&R. Instead, over the past year, Boddie requested and was granted three extensions of time to do so. (ECF 20, 21, 22, 23, 24, 25 and 26.)

       On July 21, 2023, Boddie moved for a fourth extension of time. (ECF 31). At this point, Boddie cannot demonstrate the good cause necessary for any further extensions and it has become evident he does not intend to object to Judge Strawbridge's findings. Without objections, the Court is satisfied there is no clear error on the face of the record and accepts Judge Strawbridge's recommendation. His R&R is adopted and approved, and Boddie's petition is denied and dismissed.

I

On August 8, 2022, Boddie moved for his first extension of time to object to the R&R, citing a lack of access to the law library and the need for assistance from "other prisoners trained in the law." (ECF 20.) He requested 120 additional days, and the Court granted his motion in part, giving him a ninety-day extension, making his objections due on or before November 9, 2022. (ECF 21.) On November 15, the Court received two letters from Boddie, each requesting a second 120-day extension of time. (ECF 22 and 23.) In his November 7 letter, Boddie repeated the reasons given in his first extension request, and added that since that request, the "Cert Team" removed or discarded his legal documents when searching his cell. (ECF 22.) In his November 4 letter, he sought the appointment of counsel and a copy of the Commonwealth's response to his petition.[1] (ECF 23.) Notwithstanding the fact that he had already received (and objected to) the Commonwealth's response (ECF 11), the Court granted his request for more time, giving him until March 17, 2023, to object to the R&R. (ECF 24.)

March 17 came and went without Boddie's objections. On March 20, Boddie instead moved for a stay of the proceedings and another 120-day extension, again citing a purported need for a copy of the Commonwealth's response to his petition, as well as any "discovery relevant to Petitioner's case." (ECF 25.) The Court granted his request in part (ECF 26), giving Boddie his third extension—for yet another 120 days—while pointing out again that Boddie had been served at his correct address with the response

---

[1] The Court did not appoint counsel for Boddie. There is no constitutional right to counsel in federal habeas proceedings, *see Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991), *cert. denied,* 503 U.S. 988 (1992), *superseded on other grounds by statute,* 28 U.S.C. § 2254(d), and the "interests of justice" would not have been served by appointment of counsel in this matter. 18 U.S.C. § 3006(a)(2)(B).

(ECF 10) and filed his "objections" to it (ECF 11).[2]  By virtue of the third extension, Boddie's objections were due on or before July 21, 2023. (ECF 26.)  Continuing the pattern, rather than file objections, Boddie moved for a fourth 120-day extension, again citing a need for the Commonwealth's (long-ago received and objected to) response to his petition.  (ECF 31.)

A

The Supreme Court "has long recognized that a district court possesses inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (citing *Link v. Wabash R. Co.,* 370 U.S. 626, 630–631 (1962).  Furthermore, "matters of docket control . . . are committed to the sound discretion of the district court." *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982).  In addition to these inherent powers, Federal Rule of Civil Procedure 6(b) "specifically confers the 'discretion' relevant" to granting an extension of time. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 895 (1990).  Rule 6(b)(A) states: "When an act may or must be done within a specified time, the court *may*, for good cause, extend the time . . . if a request is made[] before the original time or its extension expires."  Fed. R. Civ. P. 6(b)(1)(A) (emphasis added).  "Good cause" is

---

[2]  With respect to that part of the motion seeking discovery, "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).  Instead, a habeas petitioner "shall be entitled to invoke the processes of discovery available . . . if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so." *See Levi v. Holt*, 192 F. App'x 158, 162 (3d Cir. 2006) (citing Rule 6(a) of the Rules Governing Section 2254 Cases).  Good cause is established when "specific allegations before the court show reason to believe that the petitioner may, if the facts are more fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy*, 520 U.S. at 908-09 (internal quotations and citation omitted).  Boddie did not demonstrate good cause for discovery, and as the R&R makes clear, further discovery was not necessary to decide whether Boddie is entitled to federal habeas relief.

defined as a "legally sufficient reason." *Joseph v. Hess Oil Virgin Islands Corp.*, 651 F.3d 348, 355 (3d Cir. 2011) (quoting *Black's Law Dictionary* 251 (9th ed. 2009)).

Even if good cause is shown, "it nonetheless remains a question of the court's discretion whether to grant any motion to extend time under Rule 6(b)." *McCarty v. Thaler*, 376 F. App'x 442, 443 (5th Cir. 2010) (Rule 6(b)'s "permissive language . . . shows that any grant of an extension of time . . . falls to the district court's discretion.") Although courts are "especially likely to be flexible when dealing with imprisoned pro se litigants" . . . "there are limits to our procedural flexibility," and "[a]t the end of the day, they cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013).

B

Boddie has not demonstrated good cause for a fourth extension. Despite claiming he needs the Commonwealth's response to his petition, the response was mailed to Boddie on March 15, 2021. (ECF 10.) And we know he received it because he filed "objections" to it on April 6, 2021. (ECF 11.) His filing leaves no doubt he was replying to the Commonwealth's response: he lists the response's correct date and correctly identifies the assistant district attorney who wrote it. (*Id.*) Moreover, the Court considered Boddie's "objections" when examining the record and Judge Strawbridge's R&R for clear error.

And Boddie doesn't need the Commonwealth's response to prepare and file his objections to Judge Strawbridge's R&R. The R&R was mailed to Boddie on July 28, 2022, and he has never claimed not to have it. Boddie has had more than a year to research, write and file objections to the R&R. Boddie has not demonstrated good cause

for a further extension of time, and the Court will not indulge him further. *See, e.g., McCarty*, 376 F. App'x at 443 (affirming the district court's denial of a habeas petitioner's second motion for an extension of time to file objections to the R&R.); *Johnson v. Dash*, 656 F. App'x 431, 433 (10th Cir. 2016) (holding the district court did not abuse its discretion in denying a *pro se* prisoner's second request for an extension of time to file objections to a magistrate judge's R&R in a Section 1983 case); *Khan v. Penn State--Milton S. Hershey Med. Ctr. Hosp. Penn State Coll. of Med.*, 568 F. App'x 111, 113 (3d Cir. 2014) (holding "the District Court did not abuse its discretion in denying [*pro se* plaintiff's] fourth request for an extension of time to file a brief in opposition to summary judgment.")

## II

When no objections are filed in response to a magistrate judge's R&R, the district court is not required to review the R&R before adopting it. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). However, the Court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's notes; *see also Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) ("In the absence of a timely objection, therefore, this Court will review [a] Magistrate Judge['s] . . . Report and Recommendation for 'clear error.'"). After a thorough and independent review, no clear error appears on the face of the record.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.